UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM STANLEY,

       Plaintiff,

v.                           CASE No. 8:16-CV-3344-T-27TGW

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

       Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his

claim for supplemental security income payments.[2] Because the decision of

the Commissioner of Social Security is supported by substantial evidence and

contains no reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was thirty-five years old at the time of the

administrative hearing and who has a seventh-grade education, has no past

_____

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security and should therefore be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

relevant work (Tr. 31, 301, 48).  He filed a claim for supplemental security

income payments, alleging that he became disabled due to a back injury,

depression, ADHD (attention deficit hyperactivity disorder), bi-polar disorder

and herniated, leaking and dehydrated disks in his lower back (Tr. 222).  His

claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing

before an administrative law judge.   The law judge found that the plaintiff

had severe impairments of "degenerative disc disease (DDD) with lumbar

disc bulges and mild stenosis; major depressive disorder (MDD); personality

disorder; and affective disorder also assessed as bipolar disorder" (Tr. 22).

He concluded that the plaintiff retains the residual functional capacity (Tr. 24-

25)

> to perform light work as defined in 20 CFR
> 416.967(b).  In detail, claimant is able to lift
> and/carry 20 pounds occasionally and 10 pounds
> frequently; stand and/or walk (with normal breaks)
> for a total of about six hours in an eight-hour
> workday; and sit (with normal breaks) for a total of
> about six hours in an eight-hour workday;
> however, any continuous standing or walking
> should be performed in increments of no more than
> 30-minutes followed by the option to sit for 15
> minutes, and no operation of foot controls.
> Climbing (ropes/scaffolds/tall ladders, defined as

five steps or more) is precluded but he can occasionally climb (shorter ladders/ramps/stairs), stoop, kneel, crouch or crawl, and frequently balance. Claimant must avoid concentrated exposure to cold and excessive vibration or even moderate exposure to industrial hazards such as unprotected heights or dangerous, moving machinery. Claimant is able to understand, remember, and carry out simple, routine, repetitive tasks/instructions in a work setting that has no more than occasional and superficial interaction with coworkers and the general public.

The law judge found that the plaintiff had no past relevant work (Tr. 31). However, based on the testimony of a vocational expert, the law judge determined that the plaintiff, with his functional limitations, could perform jobs that exist in significant numbers in the national economy, such as small parts assembler, copy machine operator and solderer (Tr. 31-32, 78). The vocational expert added that each of those jobs allows the plaintiff to sit and/or stand at will (see Tr. 79-80). The law judge therefore ruled that the plaintiff was not disabled (Tr. 32). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

-4-

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that the law judge erroneously discounted the credibility of his allegations of disabling physical pain and limitations (Doc. 16, pp. 7-8).[3] The plaintiff's credibility challenge is not meritorious.

Initially, it is noted that there is a dearth of medical evidence in this case. Aside from consultative examinations ordered by the Social Security Administration, there are only a handful of medical records concerning the plaintiff's physical condition during the alleged disability period. Significantly, none of those medical records contains an opinion from a physician that the plaintiff is disabled, or even has limitations greater than those determined by the law judge (Tr. 30).

It is, furthermore, well-established that responsibility for making credibility determinations is reposed in the Commissioner and her determination is entitled to deference. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). Consequently, to overturn the Commissioner's

---

[3]Therefore, any challenge to the plaintiff's mental residual functional capacity is forfeited in accordance with the Scheduling Order and Memorandum Requirements (Doc. 10, p. 2). That Order directed the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support any discrete challenges "by citations to the record of the pertinent facts and by citations of the governing standards," and advised him that "[a]ny contention for which these requirements are not met will be deemed forfeited" (id.).

credibility finding, the plaintiff must demonstrate that the evidence compels the contrary finding. Adefemi v. Ashcroft, supra. The plaintiff's criticisms of the credibility finding do not amount to such a showing.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

Contrary to the plaintiff's contention (Doc. 16, p. 12), the law judge applied the Eleventh Circuit's pain standard in evaluating the plaintiff's complaints of pain. He quoted that standard and even cited Landry v. Heckler (Tr. 25). This demonstrates that the law judge applied the proper standard. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Furthermore, the law judge summarized the plaintiff's hearing testimony as follows (Tr. 25):

> [The plaintiff] testified he is living with his mother, always lived with his mom except for short periods on his own but he...[could] not afford it. He testified that he hurt himself at work...and he had a Workers' Compensation (WC) settlement probably in 2012. He added that he was never released to go to work because he loses his balance or feels like his leg goes limp.[4] Claimant testified that he did physical therapy but it did not help much and injections to the low back helped for a few hours; he testified that the doctors wanted to do surgery but WC would no longer cover surgery. He added that [he had] no restrictions [from doctors] except [he was] told not to work. Daily activities include watching TV or being around his pet dog (dachshund) but he does not walk her, no interests really, and medications make him sleepy. Claimant testified that he had a driver's license but it is

---

[4]The plaintiff elaborated at the hearing that "probably once a day I'll either lose my balance really bad or my leg will completely go out on me, and it's extremely bad. And in fact, last night I tried to get up to make a sandwich and I fell flat on my face" (Tr. 53).

> suspended because of unpaid child support, he has
> one daughter. He testified that he has pain in the
> lower back after sitting for 10-minutes but is able
> to sit for 15-minutes, and walk for 40 to 50
> yards....Claimant testified that since 2007, he has
> not been hospitalized, but has been to the ER a
> couple of times.

The law judge concluded, using language in conformity with the

Eleventh Circuit standard, that

> the claimant's medically determinable impairments
> could reasonably be expected to cause the alleged
> symptoms; however, the claimant's statements
> concerning the intensity, persistence and limiting
> effects of these symptoms are not entirely credible
> for the reasons explained in this decision.

(Tr. 25-26). Significantly, the law judge credited, to a substantial extent, the

plaintiff's allegations of physical limitations, as he restricted the plaintiff to

a reduced range of light work (Tr. 24). The law judge elaborated that "the

claimant does have some limitations in his ability to perform work-related

activities, [but] the medical evidence of record *does not totally preclude* him"

from performing all jobs (Tr. 26) (emphasis in original).

Furthermore, the law judge gave a thorough explanation for

declining to credit fully the plaintiff's testimony of disabling pain and

limitations. First, the law judge explained that the plaintiff's allegations are

"not supported by the objective laboratory, diagnostic, and/or clinical findings

of record" (Tr. 26). The law judge detailed the medical evidence which,

although showing some abnormalities, was not consistent with debilitating

pain and limitations (Tr. 26-28). For example, the law judge recounted the

findings of consultative examiner, Dr. Robert Oliva, who observed that the

plaintiff

> had no evidence of significant lower extremity
> edema, straight leg raise testing from a sitting
> position [was] positive at 20 degrees on the left leg,
> and negative on the right leg. No obvious
> paravertebral muscle spasm noted....[The plaintiff]
> could squat and stand back up without significant
> difficulty, got on/off the examining table without
> assistance, stood on one foot without assistance
> bilaterally, and hopped with one foot bilaterally
> without assistance....Tandem walking was
> appropriate but he exhibited a left sided limp when
> ambulating....As far as his allegations of low back
> pain, he had some decreased range of motion with
> lumbar forward flexion, extension, and lateral
> flexion of the lumbar spine.

(Tr. 27). Dr. Oliva did not offer any work related restrictions (id.).

The law judge also summarized the October 31, 2014, treatment

note of plaintiff's physician, Dr. James E. O'Brien, who observed that the

plaintiff's

> [e]xtremities had no signs of clubbing, cyanosis, or edema. Back had questionable scoliosis, full range of motion with tenderness on palpitation in left sciatic notch and in paralumbar area, no mass, and no costovertebral angle (CVA) pain. Lower extremities were intact from a neurological and vascular perspective. He had questionable positive straight leg raise test on left without signs of atrophy and noted again as intact distally from the neuro and vascular perspective.

(Tr. 27). The law judge also recounted the results of MRIs of the plaintiff's lumbar spine (Tr. 26, 27-28).

As the law judge noted (Tr. 30), non-examining reviewing physician Dr. Nicolas Bancks assessed the effect of these spinal abnormalities on the plaintiff's functioning. Dr. Bancks opined that the plaintiff retained the capability to perform a range of light work, and the law judge gave that opinion significant weight (Tr. 30, Tr. 105-106). See 20 CFR 416.913a; Social Security Ruling 96-7p, 1996 WL 374186 at *8 (state agency consultants are experts in Social Security disability evaluation and the adjudicator must consider their opinions). On the other hand, the law judge pointed out that "[t]he record does not contain any opinions from treating or examining physicians that the claimant is disabled or even has limitations greater than those determined in this decision" (Tr. 30).

Importantly, the plaintiff does not assert a discrete, cogent challenge to Dr. Banck's assessment of the plaintiff's residual functional capacity, which, in itself, is substantial evidence supporting the law judge's determination of the plaintiff's residual functional capacity.[5]

Additionally, the law judge discussed that "the claimant's testimony casts significant doubt upon the true extent of his limitations and his credibility" (Tr. 28). The law judge stated:

> On May 4, 2012, claimant presents to Tampa General Hospital with complaints of a three-week history of lower back pain associated with left lower extremity weakness, [and] states he fell at home when his left leg gave out; however, when he wants to go out for a smoke he is observed to leave the waiting area with a steady gait. (Exhibit 2F).[6] It is also noted that when claimant presents to the Brandon ER two days earlier on May 2, 2012, he reports the back pain is present and constant for only three days earlier when he bent over at work. (Exhibit 3F). Claimant has conflicting time line on time of start of pain and/or injury.

The law judge continued (Tr. 29):

---

[5]Consequently, any such challenge is properly forfeited in accordance with the Scheduling Order and Memorandum Requirements (Doc. 10, p. 2).

[6]The physician elaborated that the plaintiff "was walking briskly in the hallway," and exhibited "VERY different motor function than during [the physician's] exam" (Tr. 336) (emphasis in original); (see also Tr. 339).

Normally, an earnings record can help support credibility for an individual; however, claimant has very little to no work activity as documented by his earnings record. Even allowing for the younger age of claimant, his work history is less than stellar and he does have legal issues in 1999 through 2010 that can account for some of his loss earnings during periods of incarceration. Still, the claimant's work history does not bode well for his credibility issues since there is genuine concern that his continuing inability to work may not truly be due to medical and/or mental health issues alone.

Moreover, claimant testifies that the doctors told him not to work or that he could not go back to work; however, Samuel A. Joseph, Jr. MD opines claimant is not able to return to the type of work he was performing at the time of the industrial accident; Dr. Joseph does not mention anything at all about preclusion of all work. (Exhibit 4F, page 8). Additionally, there is no indication that claimant ever returns to Dr. Joseph's office to complete the evaluation. Overall, it is reasonable to conclude from the evidence of record that any functional restrictions the claimant may be experiencing (mental or physical) are due to a combination of attitude and motivational issues.

The law judge also noted (Tr. 29):

Although the claimant has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of

certainty.  Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult[] to attribute that degree of limitation to the claimant's medical condition when considering the relatively weak medical evidence and other factors as discussed in this decision....[M]uscle atrophy is a common side effect of prolonged and/or chronic lack of use of a muscle in order to avoid pain. There is no evidence of atrophy during any of the many exams claimant has undergone. It could be reasonable to infer that, although the claimant experiences some degree of pain, the pain has not altered his use of his lower left extremity to the extent that it has resulted in atrophy.

Further, the law judge mentions that even the "[plaintiff's] mother indicates that daily activities are not as limited as [the plaintiff] has testified. (Exhibit 4E)" (Tr. 30; see Tr. 235-238).

In sum, the law judge stated (Tr. 28):

I have found it reasonable to conclude that the claimant's allegations of an inability to sustain regular and continuing work secondary to pain and limitations do not find full support in the medical evidence of record or in [the plaintiff's] testimony.

The law judge's credibility determination, which is supported by substantial evidence, is more than adequate to discount the plaintiff's subjective complaints of disabling functional limitations. See Heppell-

Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

The plaintiff challenges the law judge's credibility determination on several grounds. The plaintiff's contentions are unmeritorious, and ignore the principle that review of administrative findings, including credibility determinations, under the substantial evidence test is highly deferential. See Adefemi v. Ashcroft, supra, 386 F.3d at 1026-27. Thus, the court "must uphold the Commissioner's determination even if a preponderance of evidence supports a contrary finding so long as sufficient evidence remains for a reasonable person to reach the Commissioner's conclusion." Buttram v. Social Security Administration Commissioner, 594 Fed. Appx. 569, 572 (11th Cir. 2014).

First, the plaintiff argues that the credibility determination is erroneous because "the Plaintiff is not required to have his allegations of pain and limitation supported by objective ... [medical] evidence" (Doc. 16, p. 9). That assertion is mistaken. The regulations expressly provide that the

> statements about your pain or other symptoms will not alone establish that you are disabled. There must be medical signs and objective medical evidence ... that shows you have a medical

> impairment(s) which could reasonably be expected
> to produce the pain or other symptoms alleged and
> that, when considered with all of the other evidence
> ... would lead to a conclusion that you are disabled.

20 C.F.R. 416.929(a); see also Social Security Ruling 96-7p (S.S.A.), 1996

WL 374186 at *2 ("an individual's symptoms, including pain, will be

determined to diminish the individual's capacity for basic work activities to

the extent that the... symptoms can reasonably be accepted as consistent with

the objective medical evidence and other evidence in the case record").

Accordingly, the Eleventh Circuit has held that subjective complaints alone

are insufficient to establish a disability. Edwards v. Sullivan, 937 F.2d 580,

584 (11th Cir. 1991).

Furthermore, the plaintiff subsequently acknowledges that there

must be "objective medical evidence [that] confirms the severity of the

alleged pain" (Doc. 16, p. 9).   In this respect, the plaintiff asserts that

degeneration of the lumbar spine is an "objectively determined condition that

can reasonably cause [his] pain" (Doc. 16, p. 12; see id., pp. 9-11). The law

judge, however, did not disagree, as he found that "the claimant's medically

determinable impairments could reasonably be expected to cause the alleged

symptoms" (Tr. 25).

Rather, that finding raises the question of the credibility of the plaintiff's subjective complaints as to the intensity and duration of the symptoms caused by the underlying impairments. See Duval v. Commissioner of Social Security, 628 Fed. Appx. 703, 711 (11th Cir. 2015) ("If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work.").

As indicated, the law judge concluded that the plaintiff's subjective complaints "are not entirely credible" (Tr. 26) and that he "is able to perform sustained work within the parameters of the residual functional capacity" (Tr. 31). The plaintiff has not adequately challenged that finding by demonstrating that the evidence compels a determination that the plaintiff is totally disabled (see infra).

The plaintiff appears to argue that his allegations of debilitating pain and limitations are supported by consultative examiner Dr. Elias Dakwar's recommendation that the plaintiff undergo a microdiscectomy (Doc.

-17-

16, p. 12). Dr. Dakwar's treatment note states pertinently (Tr. 493) (emphasis added):

> I discussed with [the plaintiff] at this point, *if* his leg pain was significant enough and he wanted to get that treated, I would recommend a minimally invasive left-sided tubular microdiskectomy with foraminotomy at L5-S1.

Thus Dr. Dakwar does not opine that the plaintiff's condition is of a disabling severity. Furthermore, Dr. Dakwar does not recommend that the plaintiff have surgery; rather, he left it to the plaintiff's discretion to determine "if his leg pain [i]s significant enough" to warrant a microdiskectomy (<u>id</u>.). Dr. Dakwar also did not identify any restrictions on the plaintiff's daily functioning due to the plaintiff's impairments. <u>See</u> <u>Longworth</u> v. <u>Commissioner of the Social Security Administration</u>, 402 F.3d 591, 596 (6th Cir. 2005) (a lack of physical restrictions supports a finding of non-disability). Therefore, Dr. Dakwar's treatment note is not compelling evidence supporting the plaintiff's allegations of disabling pain. <u>See</u> <u>Adefemi</u> v. <u>Ashcroft</u>, <u>supra</u>.

The plaintiff also argues that his MRI results and clinical findings are objective medical evidence supporting his allegations of

disabling pain (Doc. 16, pp. 9-11).  The plaintiff specifies, among other abnormalities, diagnoses of foraminal narrowing, disk herniation and stenosis; and clinical findings, such as a positive straight leg raise on the left and a left sided limp (id.).  However, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the [plaintiff] must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).  Similarly, the physician needs to translate how abnormal clinical findings affect functioning.   Longworth v. Commissioner of the Social Security Administration, supra, 402 F.3d at 596.  In other words, it is the functional limitations that determine disability.  Moore v. Barnhart, supra, 405 F.3d at 1214 n.6; cf. Osborn v. Barnhart, 194 Fed. Appx. 654, 668 (11th Cir. 2006) (discounting physician's "medical records [that] reveal only diagnoses, not reasoned and medically-supported opinions detailing [the plaintiff's] work limitations or limited functions").

Here, the plaintiff does not proffer medical evidence showing that these diagnoses and clinical abnormalities create a specific functional

limitation greater than the law judge's determination of a residual functional capacity for a range of light work (see Doc. 16, pp. 9-11). A cogent explanation is especially important in this case, where there is no medical opinion countering Dr. Bancks' assessment that the plaintiff's spinal abnormalities do not preclude the plaintiff from performing a range of light work (Tr. 104-105). See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (It is the plaintiff who bears the ultimate burden of proving he is disabled and, therefore, he is responsible for producing evidence in support of his claim.). The plaintiff's many normal clinical findings (see, e.g., Tr. 346, 388, 405) also undermine the plaintiff's contention that his spinal impairments are disabling.

In sum, the plaintiff's citation to some evidence that could arguably support a finding of disability is insufficient because, as discussed above, there was ample record evidence supporting the law judge's finding, and the law judge's resolution of conflicting evidence is entitled to deference. See Adefemi v. Ashcroft, supra; see also Lawton v. Commissioner of Social Security, 431 Fed. Appx. 830, 833 (11th Cir. 2011) ("While the record does contain some evidence that is contrary to the ALJ's determination, we are not

permitted to reweigh the importance attributed to the medical evidence."). Thus, the plaintiff's disagreement with the law judge essentially is a difference of opinion as to the weight to be given to certain circumstances. The law judge, however, is given the responsibility to assess those circumstances so that the plaintiff's different opinion must yield. Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of evidence is a function of the factfinder, not of the district court.").

In all events, the plaintiff has not identified any evidence which compelled the law judge to find that the plaintiff's functioning was more limited than the law judge determined in the residual functional capacity. See Adefemi v. Ashcroft, supra (findings of fact may be reversed only when the record compels a reversal).

The plaintiff argues next that the law judge wrongly discounted his credibility on the ground that the plaintiff had not exhausted all efforts to seek treatment (Doc. 16, pp. 12-13). The plaintiff's contention is unavailing.

The plaintiff is referring to the following comments by the law judge (Tr. 29):

> While financial constraints may make medical intervention and compliance more difficult, a lack

of health insurance does not equate to a finding of
disability.   Moreover, the evidence reveals the
claimant has not exhausted all efforts to seek
treatment, with no visits to free or subsidized
clinics  evidenced,  and  personal  denial  of
emergency room visits or hospitalizations. Further,
the issue at hand is the claimant's inability to
perform work and not his financial constraints in
obtaining medical treatment.  I truly sympathize
with the claimant'[s] plight; nevertheless, the
Social Security Act and regulations are directed
toward the making of determinations regarding an
individual's ability or non-ability to perform work-
related  activities;  they  are  not  conducive  to
providing individuals with health care.

The  law  judge's  point  is  that  there  is  insufficient  medical

evidence of disability, and the plaintiff's lack of health insurance does not

excuse his failure to meet his evidentiary burden (see id.).  The law judge is

correct that it is ultimately the plaintiff's burden to prove disability.  See

Ellison v. Barnhart, supra, 355 F.3d at 1276; Doughty v. Apfel, 245 F.3d

1274, 1278 (11th Cir.2001).

Furthermore, it is noted that, although the plaintiff testified that

he did not have health insurance, the plaintiff had access to healthcare, as he

went to hospital emergency rooms several times for back pain, and he was

also treated at Suncoast Community Health Center, which is a low/no-cost medical provider (see, e.g., Tr. 388). See suncoast-chc.org/about us.

Moreover, even if the law judge considered, erroneously, that the plaintiff did not exhaust treatment options, that was only one of several reasons the law judge gave for his credibility determination (see supra, pp. 9-15). Therefore, even if that factor were removed from consideration, the law judge's credibility decision is still amply supported by substantial evidence, and there is no reason to think that the law judge would have otherwise accepted the plaintiff's allegations of disabling pain and limitations. As such, it would be a harmless error because correction of the error would not change the law judge's ultimate finding of not disabled. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.1983) (when an incorrect application of the regulations results in harmless error because the correct application would not contradict the law judge's ultimate findings, the law judge's decision will stand); Stultz v. Commissioner of Social Security, 628 Fed. Appx. 665 n.4 (11th Cir. 2015) (error in assessing medical opinion not reversible error when other reasons are sufficient).

The plaintiff argues next that the law judge improperly rejected the plaintiff's testimony of very limited daily activities because it "cannot be objectively verified with any reasonable degree of certainty" (Doc. 16, p. 13).

When the law judge asked the plaintiff at the hearing about his activities of daily living, the plaintiff responded that he typically does "[n]othing" during the day (Tr. 65). The plaintiff elaborated that he sometimes watches television and pets his dog, but that he "wouldn't even attempt" to pick up his ten-pound dog (Tr. 65, 66, 68). The plaintiff testified further that he does not visit with anyone, shop or do household chores (Tr. 66-67). The law judge was skeptical of this extreme testimony, and noted that he could not objectively verify it to a reasonable degree (Tr. 29). The law judge added that, in all events, such limited activity is not reasonably attributable to the plaintiff's medical condition in light of the weak medical evidence and other factors noted in the decision (id.).

The regulations do not require that the law judge consider daily activities as "reported by" the plaintiff when evaluating credibility. Rather, the regulations simply state that the law judge is to consider "daily activities," among other factors. 20 C.F.R. 416.929(c)(3).

-24-

The plaintiff, however, argues that the law judge applied an improper legal standard by discounting the plaintiff's statements of his daily activities because they "cannot be objectively verified with any reasonable degree of certainty" (See Doc. 16, p. 13).   This contention is unavailing.

The law judge obviously is not required to accept the plaintiff's testimony of daily activities that is not credible.   Furthermore, a law judge may consider, in determining the credibility of such testimony, its consistency with the objective evidence.   See Social Security Ruling 16-3p (October 25, 2017), 2017 WL 5180304 (we will evaluate whether an individual's statements regarding the impact of the symptoms on the ability to perform daily living activities are consistent with objective medical evidence and the other evidence); see 20 C.F.R. § 416.929.

In this circumstance, the law judge found that the plaintiff's testimony of very limited daily activities is not credible, or if truthful, is not reasonably attributable to his medical condition in light of the weak medical evidence and the overall record, including that the plaintiff's mother attested to greater daily functioning (Tr. 30).   The law judge elaborates on those reasons throughout the decision.

Therefore, the plaintiff has not shown that the law judge improperly rejected the credibility of the plaintiff's testimony of daily activities, and substantial evidence supports the law judge's determination.

The plaintiff's final argument is that the law judge "played the role of doctor" by purportedly finding that the plaintiff's positive straight leg raise test was "meaningless" (Doc. 16, pp. 13-14). The plaintiff alleges that this is reversible error because "this [straight leg test] goes to the essence of the determination of whether the Plaintiff is disabled or not" and "[i]f the ALJ discounts this type of test, his entire view of [the physicians'] findings is skewed" (id., p. 14). This argument is meritless.

Consultative examiner Dr. Oliva noted that the plaintiff's "[s]traight leg raise testing from a sitting position is positive at 20 degrees on the left leg..." (Tr. 371). The law judge referred to this, and the results of other straight leg raise tests, in his summary of the evidence, which indicates that the law judge did not find such evidence was meaningless (Tr. 27).

The law judge also mentioned the positive straight leg test in response to the plaintiff's post-hearing summary ("the Brief") (Tr. 299-300). The law judge stated (Tr. 31):

> I have considered the Brief proffered by counsel.
> Counsel recounts that claimant has a straight leg
> raise test, which is positive on the left at 20
> degrees, he cannot use the toes of his left foot to
> walk, and he has weakness of the left leg.
> However, if the doctor does a straight left raise test
> and you have pain before your leg is at 30 degrees,
> then it probably is not a herniated disc pressing on
> the nerve....

Thus, contrary to the plaintiff's argument (Doc. 16, p. 13), the law judge did not find that the plaintiff's positive straight leg raise was "meaningless." Rather, the law judge made the comment, "it probably is not a herniated disc pressing on the nerve," which appears to be an inconsequential afterthought in response to the plaintiff's Brief (Tr. 31).

Furthermore, the plaintiff does not support his contention that this straight leg raise test "goes to the essence of the determination of whether the Plaintiff is disabled or not," or even that the positive straight leg raise warrants greater limitations than the law judge found (Doc. 16, p. 14). Consequently, this contention is appropriately forfeited in accordance with the Scheduling Order and Memorandum Requirements, which required the plaintiff to support each discrete challenge "by citations to the record of the

pertinent facts and by citations of the governing legal standards" (Doc. 10, p. 2).

Regardless, substantial evidence supports the law judge's finding that the plaintiff's positive straight leg test (and other spinal abnormalities) are accommodated by limiting the plaintiff to a reduced range of light work. Thus, Dr. Bancks, in opining that the plaintiff could perform a range of light work, expressly considered the plaintiff's positive straight leg raise on the left ("slr positive lle") (see Tr. 105).   Significantly, the plaintiff has not challenged Dr. Bancks' assessment of his residual functional capacity, and the law judge's determination of the plaintiff's residual functional capacity is even more restrictive than Dr. Bancks' assessment (compare Tr. 24-25 with Tr. 104-105).  Therefore, even if the law judge improperly commented on the positive straight leg test, it would be inconsequential because there is no record evidence that this abnormality warrants, and certainly none that compels, a more restrictive functional capacity. Diorio v. Heckler, supra, 721 F.2d at 728; Stultz v. Commissioner of Social Security, supra, 628 Fed. Appx. 665 n.4.

In sum, the law judge's credibility determination is supported by substantial evidence, and the plaintiff's criticisms of that decision clearly do not compel a contrary conclusion. See Adefemi v. Astrue, supra, 386 F.3d at 1027 ("findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (a court may not "re-weigh the evidence or substitute our own judgment" for that of the ALJ, even if the court were to conclude that the evidence preponderates against the ALJ's decision).

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence. The law judge properly applied the Eleventh Circuit pain standard, and based on that standard, made a reasonable decision to discount the plaintiff's subjective complaints, articulating, in detail, the contrary evidence as his reasons for doing so. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER _19_, 2017

## NOTICE TO PARTIES

      A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.