# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WILLIAM STANLEY,**

      **Plaintiff,**

**v.**                                                            **Case No: 8:16-CV-3344-T-27TGW**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security,**

      **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 20), recommending that the Commissioner's decision denying Plaintiff's claim for supplemental security income be affirmed. Plaintiff filed objections (Dkt. 21). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. *Id.*; FED. R. CIV. P. 72(b)(3).

After a review of the findings to which no objection has been made for plain error and a *de novo* review of the legal conclusions, I agree with the Magistrate Judge that the Administrative Law Judge ("ALJ") applied the correct legal standards and his decision is supported by substantial evidence. Accordingly, the objections are overruled, the Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

## I. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's finding that the ALJ's credibility determination

was supported by substantial evidence. Specifically, Plaintiff argues that (1) his allegations of pain and limitations were supported by objective laboratory, diagnostic, and clinical findings; (2) the ALJ's finding that he did not exhaust efforts to seek medical treatment is not supported by substantial evidence; (3) objective verification of Plaintiff's testimony regarding his day-to-day activities was not required; and (4) the ALJ substituted his opinion for that of a medical doctor with respect to a "straight leg test." The Magistrate Judge considered each of these arguments and rejected them as unmeritorious. I agree.

## II.    STANDARD

An administrative law judge's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), and if the decision as a whole is supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id.* (internal quotation marks and citations omitted). Legal conclusions of the administrative law judge, however, are reviewed *de novo*. *Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III.   DISCUSSION

There is a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)). The first three steps evaluate whether (1) the claimant is currently engaged in substantial

gainful activity, (2) the claimant has a severe impairment or combination of impairments, and (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step asks whether, based on the claimant's residual functional capacity ("RFC") assessment, the claimant can perform any of her past relevant work despite the limitations caused by her impairments. *Id.* At the fourth step, the administrative law judge considers "all the relevant medical and other evidence" in the case record to determine the claimant's RFC. *Phillips*, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). The claimant bears the burden of establishing that he cannot perform her past relevant work based on her RFC. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the claimant establishes that he cannot perform his past relevant work, the burden shifts to the administrative law judge at the fifth step to determine whether there are significant numbers of other jobs in the national economy the claimant can perform, given his RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178; *Jones*, 190 F.3d at 1228.

The ALJ determined, as to steps one through three, that Plaintiff had not been engaged in substantial gainful activity since October 20, 2013 and he has severe impairments including degenerative disc disease with lumbar disc bulges and mild stenosis, major depressive disorder, personality disorder, and affective disorder (also assessed as bipolar disorder), but his impairments do not meet or medically equal the severity of listed impairments (Tr. 22-24). The ALJ further concluded at step four that he has the residual functional capacity (RFC) to perform light work. (Tr. 24-25). Based on Plaintiff's age, education, work experience, RFC, and testimony of the vocational expert (VE), the ALJ found Plaintiff not disabled. (Tr. 31-32).

Plaintiff appealed and argued that the ALJ erroneously discounted the credibility of his allegations of disabling physical pain and limitations. The Magistrate Judge disagreed and

recommended, after a thorough review of the ALJ's findings and conclusions, that the decision of the ALJ be affirmed.

### *The ALJ's Findings Relating to Plaintiff's Credibility*

For Plaintiff to establish his disability through his own testimony of pain or other subjective symptoms he must satisfy two parts of a three-part test, showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptom; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptom. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). In other words, subjective complaints alone are insufficient to establish disability. *See Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). And, if the ALJ discredits a plaintiff's testimony, he must articulate explicit and adequate reasons for doing so. *See Wilson*, 284 F.3d at 1225. Importantly, however, credibility findings are the province of the ALJ. *Moore v. Barnhart,* 405 F.3d 1208, 1212 (11th Cir. 2005).

Plaintiff first contends that the Magistrate failed to review the medical evidence he cited to support his allegations of pain and limitations. This objection is belied by the Report and Recommendation. Although the Magistrate Judge noted that there is a "dearth of medical evidence in this case," he extensively cites the medical evidence detailed by the ALJ, including the findings of Dr. Robert Olivia, who offered no work related restrictions, Dr. James E. O'Brien, and Dr. Nicolas Bancks, who opined that Plaintiff had the capacity to perform light work. (Report and Recommendation, Dkt. 20 at 9-14). Further, the Magistrate Judge explicitly addresses the medical evidence proffered by Plaintiff, including the purported recommendations of surgery and MRI results and clinical findings. (*Id.* at 17-19). He concluded, however, correctly so, that there had been no

4

showing as to the effect of the impairments on Plaintiff's ability to work and no medical opinion

countering Dr. Bancks' assessment that Plaintiff's impairments do not preclude him from performing

light work.[1] (*Id.* at 19-20). Indeed, as the Magistrate Judge points out, none of the medical records

contain an opinion from a physician that Plaintiff is disabled, or even have limitations greater than

those determined by the ALJ. (Report and Recommendation, Dkt. 20 at 6; Tr. 30).

Next, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err by

finding that Plaintiff's lack of health insurance does not excuse his failure to meet his evidentiary

burden. Plaintiff contends that the Magistrate Judge misinterpreted the ALJ's finding, and that the

ALJ was in fact was denying benefits because "he believes plaintiff did not pursue enough

treatment." (Dkt. 21 at 3). This contention is misplaced. The ALJ expressly stated: ""While financial

constraints may make medical intervention and compliance more difficult, a lack of health insurance

does not equate to a finding of disability. . . . [T]he issue at hand is the claimant's inability to

perform work and not his financial constraints in obtaining medical treatment."[2] (Tr. 29). This

comment demonstrates that the ALJ's focus was on Plaintiff's ability or inability to work, rather than

whether his could afford, or pursued, medical treatment.

For his third objection, Plaintiff takes issue with the Magistrate Judge's finding that the ALJ

did not improperly discount Plaintiff's statements regarding his daily activities, reasoning that they

---

[1] *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("[A] diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986)).

[2] The Magistrate Judge also found that even if the ALJ had considered, erroneously, that Plaintiff failed to exhaust medical treatment options in his credibility determination, such error was harmless because the ALJ's credibility decision would otherwise be supported by substantial evidence. (Dkt. 20 at 23). I agree. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) ("[A]n incorrect application of the regulations results in harmless error [when] the correct application would not contradict the ALJ's ultimate findings.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983)).

could not be objectively verified. Plaintiff contends that the Magistrate Judge incorrectly construed this as meaning that the ALJ found Plaintiff's testimony regarding his daily activities to be inconsistent with objective evidence. This argument is unavailing. To begin with, the ALJ stated that "even if the claimant's daily activities are truly as limited as alleged, it is difficulty [sic] to attribute that degree of limitation to the claimant's medical condition when considering the relatively weak medical evidence." (Tr. 29). This statement demonstrates that the ALJ viewed Plaintiff's testimony as inconsistent with the objective medical evidence. The ALJ then went on to give examples of medical evidence that was inconsistent with Plaintiff's testimony about the extent of his daily activities. (Tr. 29-30) And it was permissible for the ALJ to do so. *See* Soc. Sec. Ruling 16-3p Titles II & Xvi: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017), 2017 WL 5180304, *6 ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence.").

Lastly, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not "play the role of a doctor" by commenting on Plaintiff's counsel's argument in his brief about Plaintiff's straight leg raise test.[3] It is apparent that the ALJ was acknowledging that he had considered the brief, and afforded it no significant weight given that counsel did not propose a RFC or supplement his brief. (Tr. 31). In addition, Plaintiff agrees with the Magistrate Judge that he did not demonstrate how or why the straight leg raise test was essential to the determination of whether Plaintiff is disabled. (Dkt. 21 at 4). And, Plaintiff does not challenge the ALJ's RFC determination.

---

[3] Plaintiff concedes that this error, alone, is not enough to reject the ALJ's credibility determination. (Dkt. 21 at 4).

I therefore conclude, as the Magistrate Judge did, that substantial evidence supports the ALJ's decision to discredit Plaintiff' testimony and the ALJ sufficiently articulated his reasons for doing so. *See Carroll v. Soc. Sec. Admin., Com'r*, 453 F. App'x 889, 894 (11th Cir. 2011).

## IV.    CONCLUSION

1.    Plaintiff's Objections are **OVERRULED**.

2.    The Report and Recommendation (Dkt. 20) is **APPROVED** and **ADOPTED** as the opinion of the Court for all purposes, including for appellate review, except as noted.

3.    The decision of the Defendant Commissioner is **AFFIRMED**.

4.    The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

5.    The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 12th day of March, 2018.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record